UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GINGER L. PIEL, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:06CV1028 JCH |
| | ) |
| JOHN E. POTTER, POSTMASTER | ) |
| GENERAL, | ) |
| | ) |
| Defendant(s). | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed September 22, 2006. (Doc. No. 8). The matter is fully briefed and ready for disposition.

By way of background, Plaintiff filed her Complaint in this matter on July 7, 2006. (Doc. No. 1). In her Complaint, Plaintiff alleges that her employer, the United States Postal Service, unlawfully discriminated against her in her employment on the bases of her age and gender. Defendant now moves for dismissal of Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction. (Doc. No. 8). Specifically, Defendant contends this Court lacks subject matter jurisdiction over Plaintiff's claims, as they were untimely filed in federal court.

Another Court in this District recently rejected Defendant's argument, as follows:

> In his motion, defendant contends that this Court lacks subject matter jurisdiction over those claims raised by plaintiff in the instant Complaint which were either a) not properly exhausted through the administrative process and/or b) untimely filed in federal court. Defendant seeks to dismiss such claims under Fed.R.Civ.P. 12(b)(1). For the following reasons, defendant's argument is without merit.
>
> Since the Supreme Court's decision in *Zipes v. TWA, Inc.*, 455 U.S. 385 (1982), it has been well established that the failure of a plaintiff to exhaust administrative remedies on claims of employment discrimination does not deprive the

federal court of subject matter jurisdiction over the claims. *Zipes*, 455 U.S. at 393; *Coons v. Mineta*, 410 F.3d 1036, 1040 (8th Cir.2005); *Ballard v. Rubin*, 284 F.3d 957, 964 n. 6 (8th Cir.2002)....

Likewise, the failure timely to bring a civil action in federal court alleging employment discrimination does not deprive the court of subject matter jurisdiction. *Hill v. John Chezik Imports*, 869 F.2d 1122, 1123-24 (8th Cir.1989). In *Hill*, the Eighth Circuit applied the reasoning articulated by the Supreme Court in *Zipes* and explicitly held that "the ninety-day limitation period of 42 U.S.C. 2000e-5(f)(1) is not a jurisdictional prerequisite to federal court and is.... subject to equitable tolling in appropriate circumstances." *Hill*, 869 F.2d at 1124. As with the case of a plaintiff's failure to exhaust administrative remedies, the undersigned determines it improper to dismiss employment discrimination claims for lack of jurisdiction on the basis that the claims were untimely filed in federal court. *Cf. Coons*, 410 F.3d at 1040....

Further, a motion brought pursuant to Rule 12(b)(1) may not be converted to one for summary judgment given the differing legal standards the Court must apply to each and the differing burdens of the parties. *See Osborn v. United States*, 918 F.2d 724, 730 (8th Cir.1990); *see also Spirit Lake Tribe v. North Dakota*, 262 F.3d 732, 744 (8th Cir.2001) (plaintiff entitled to every reasonable inference under summary judgment standard). Accordingly, to the extent defendant argues as an affirmative defense that plaintiff's claims are barred due to his failure to properly exhaust his administrative remedies or by his failure to timely file a civil action, the undersigned determines such arguments to be more properly raised by way of a motion for summary judgment so that each party is provided the opportunity to properly address and brief the nature of the issues raised using the appropriate summary judgment standard.

Smythe v. Potter, 2006 WL 2927545 at *1-2 (E.D. Mo. Oct. 11, 2006). Pursuant to the foregoing, the Court will deny Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 8) is **DENIED**.

Dated this 7th day of December, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE