UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GINGER L. PIEL, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:06CV1028 JCH |
| | ) |
| JOHN E. POTTER, POSTMASTER GENERAL, | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, filed December 21, 2006. (Doc. No. 16). The matter is fully briefed and ready for disposition.

## BACKGROUND

At all relevant times Plaintiff Ginger Piel was employed by the United States Postal Service as a letter carrier at the Ferguson, Missouri, Post Office. (Defendant's Statement of Uncontroverted Material Facts ("Defendant's Facts"), ¶ 1, citing Defendant's Exh. A (EEO formal Complaint)). According to Plaintiff, Defendant began discriminating against her on the bases of age and gender in the spring of 2002. (Compl., PP. 1, 2). Plaintiff sought EEO counseling on April 24, 2002, and on May 15, 2002, Plaintiff filed a formal EEO Complaint. (Defendant's Facts, ¶¶ 2, 3, citing Defendant's Exhs. A, B (Information for Precomplaint Counseling)).

Plaintiff's EEO case was assigned to Administrative Judge Andrea Niehoff, of the St. Louis District Office of the EEOC. (Defendant's Facts, ¶ 4, citing Defendant's Exh. C (EEOC Acknowledgment and Order)). The EEOC held hearings on September 22, 2003, and October 7, 2003. (Id., ¶ 5, citing Defendant's Exh. D (EEOC Judge's Decision)). On November 18, 2003,

Judge Niehoff issued her Findings of Fact and Conclusions of Law, and concluded Plaintiff had failed to establish she was subjected to discrimination. (Id., ¶ 6, citing Defendant's Exh. D).

On November 24, 2003, the Postal Service issued a Notice of Final Action, fully implementing Judge Niehoff's decision. (Defendant's Facts, ¶ 7, citing Defendant's Exh. E (Notice of Final Action)). Plaintiff appealed the decision to the EEOC's Office of Federal Operation ("OFO"), and on April 6, 2004, the OFO issued a decision affirming the final Postal Service decision. (Id., ¶ 8, citing Defendant's Exh. F (OFO Decision)). The OFO's decision informed Plaintiff she had the right to file a civil action in the United States District Court within ninety (90) calendar days from the date she received the decision. (Id., ¶ 9, citing Defendant's Exh. F).

On July 6, 2004, Plaintiff filed a Complaint under Title VII of the Civil Rights Act of 1964 ("Title VII") with this Court. (See Case No. 4:04CV847 Piel v. United States Postal Service, Doc. No. 1). On December 20, 2004, the Postal Service filed a Motion to Dismiss and for Summary Judgment. (Case No. 4:04CV847 Piel v. United States Postal Service, Doc. No. 15). After the motion was fully briefed, but before it was ruled, Plaintiff moved to dismiss her case without prejudice, as follows:

> COMES NOW Plaintiff and states as follows:
>
> 1. That due to Plaintiff's inexperience, Plaintiff now believes that both the Complaint and Discovery Rules have not been fully complied with herein.
>
> 2. Rather than having a Court rule in such a way as to destroy Plaintiff's attempts for due process, Plaintiff would like to expend extra time and efforts in order to properly frame the issues for complete and proper adjudication.
>
> WHEREFORE, Plaintiff moves for Leave of this Court to Dismiss this Cause of Action without prejudice pursuant to Fed.R.Civ.Proc. 41(a)(2) and for whatever further relief as this Honorable Court feels meet and proper herein.

(Case No. 4:04CV847 Piel v. United States Postal Service, Doc. No. 26). On July 19, 2005, this Court granted Plaintiff's Motion to Dismiss without Prejudice over Defendant's objection. (Case No. 4:04CV847 Piel v. United States Postal Service, Doc. Nos. 27, 28).

Plaintiff filed the instant Complaint under Title VII on July 7, 2006. (Doc. No. 1).[1] As stated above, Defendant filed his Motion for Summary Judgment on December 21, 2006, maintaining Plaintiff's action must be dismissed as untimely filed. (Doc. No. 16).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

---

[1] As Plaintiff makes a claim of age discrimination, she apparently intends to bring her suit under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), as well.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

As stated above, in his Motion for Summary Judgment Defendant requests that this Court dismiss Plaintiff's action as untimely filed. 29 C.F.R. § 1614.407 sets forth the time line for filing an action stemming from an EEO Complaint in federal court as follows:

> A complainant who has filed an individual complaint....is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:....
>
> (c) Within 90 days of receipt of the Commission's final decision on an appeal;

29 C.F.R. § 1614.407. In his Motion for Summary Judgment, Defendant notes the EEOC issued its final decision on April 6, 2004. (Defendant's Memorandum in Support of his Motion for Summary Judgment, P. 5). Plaintiff therefore had ninety (90) days from the date she received that decision within which to file suit. (Id.). As stated above, Plaintiff did not file this suit until July 7, 2006, nearly two years after her deadline. (Id.).

In a prior pleading[2], Plaintiff conceded that her suit was filed out of time. (Plaintiff's Brief of Authorities in Opposition to Defendant's Fed.R.Civ.P. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction Herein, P. 1). Plaintiff cited to Zipes v. Trans World Airlines, Inc., however, for the proposition that compliance with the filing period is not a jurisdictional prerequisite to the filing of a Title VII suit, but rather a requirement subject to tolling when equity so requires.

---

[2] Defendant previously filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, to which Plaintiff filed a response on November 7, 2006. (Doc. Nos. 8, 10).

(Id., citing Zipes, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982)). Plaintiff thus requested that the Court apply the principles of equity to toll the ninety day requirement, asserting her, "level of psychological disability resulting from Defendant's actions" left her, "incapable of rational thought or deliberate decision making until Plaintiff's health care practitioners improved her life." (Id., P. 2).[3]

The Court agrees the above regulation, "although not a jurisdictional requirement, is akin to a statute of limitations and as such, it is subject to equitable tolling." Lyons v. United States Postal Service, 2007 WL 570485 at *3 (E.D. Mo. Feb. 20, 2007) (citations omitted). Under Eighth Circuit law, "[t]his doctrine [of equitable tolling] focuses on the employee's ignorance of a claim, not on any possible misconduct by the employer, and tolls the limitations period when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of [her] claim. Stated differently, the question is, whether a reasonable person in the plaintiff's position would have been aware that her rights had been violated." Henderson v. Ford Motor Co., 403 F.3d 1026, 1033 (8th Cir. 2005) (internal quotations and citations omitted).

The doctrine of equitable tolling is a limited one, however, "'reserved for circumstances that are truly beyond the control of the plaintiff.'" Bledsoe v. Nucor-Yamato Steel Co., 18 Fed. Appx. 433, 435 (8th Cir. 2001), quoting Shempert v. Harwick Chemical Corp., 151 F.3d 793, 798 (8th Cir. 1998), cert. denied, 536 U.S. 904 (2002). "For instance, the Supreme Court has indicated that equitable tolling might be appropriate when a claimant has received inadequate notice, when a motion for appointment of counsel was pending, when the court has led the plaintiff to believe that [s]he had

---

[3] In her response to Defendant's Motion for Summary Judgment, Plaintiff elaborates on her condition, stating she, "found it necessary to seek help from a licensed psychiatrist for the first time in her life, directly following her departure from the postal service, and is still under the care of that psychiatrist." (Plaintiff's Response to Defendant's Motion for Summary Judgment, P. 2).

done everything required of [her], or when affirmative misconduct on the part of the defendant has lulled the plaintiff into inaction." Hallgren v. United States Dept. of Energy, 331 F.3d 588, 590 (8th Cir. 2003), citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). "Equitable tolling will extend a deadline missed due to an employee's excusable ignorance, but the doctrine is precluded once it is shown that the employee was generally aware of her rights." Briley v. Carlin, 172 F.3d 567, 570 (8th Cir. 1999) (citation omitted).

Applying the foregoing principles to the instant case, the Court finds it inappropriate to employ equitable tolling here. Specifically, the Court finds Plaintiff was not ignorant of her claim during the applicable filing period, nor was her failure timely to file the instant Complaint beyond her control. Rather, Plaintiff clearly knew of her claim during the relevant filing period, as she filed her original suit in a timely manner. (See 4:04CV847 Piel v. United States Postal Service, Doc. No. 1). Plaintiff's voluntary decision to dismiss her prior suit does not present the sort of exceptional circumstance equitable tolling is meant to address. See, e.g., Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1330 (8th Cir. 1995) (equitable tolling "is an exception to the rule, and should therefore be used only in exceptional circumstances").[4] Defendant's Motion for Summary Judgment based on untimeliness must therefore be granted.[5]

---

[4] As noted above, Plaintiff contends the filing period should be tolled because she was too mentally unstable, due to Defendant's actions, to comply with the filing deadlines. Upon consideration, the Court rejects this assertion, as Plaintiff's alleged mental infirmity did not prevent her from filing her original suit against Defendant in a timely manner. See Lyons, 2007 WL 570485 at *4.

[5] The Court further rejects the notion that the filing of Plaintiff's earlier suit precludes dismissal of the instant action. Rather, while the filing of a suit stops the running of a statute of limitations, the dismissal of that suit without prejudice wipes out the tolling effect, "and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000) (citations omitted). "In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." Id. (citations omitted); see also Garfield v. J.C.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 16) is **GRANTED**, and Plaintiff's claims are **DISMISSED** with prejudice. An appropriate Judgment will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Brief of Authorities in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 26) is **DENIED** as moot.

Dated this 5th day of April, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

Nichols Real Estate, 57 F.3d 662, 666 (8th Cir.), cert. denied, 516 U.S. 944 (1995).